AIKEN v. PEOPLES.

1. PRINCIPAL AND AGENT—RATIFICATION—AGENT'S POWER TO BIND
    PRINCIPAL.

   In action for consideration for assignment of land contract to
       defendant and another, where defendant was not party to
       agreement, the only ratification necessary to be shown, to jus-
       tify recovery, was that parties acting for defendant in trans-
       action had power to bind her.

2. SAME—TIME FOR PERFORMANCE.

   That consideration for assignment of the contract was to be in
       form of promissory note, which was never executed, and that
       defendant's ratification of transaction came after expiration
       of time for delivery of note, would not release her, since de-
       livery of note would not have constituted payment but was
       mere evidence of the debt, and therefore it cannot be said that
       ratification came after time for performance had passed.

3. SAME—AGENTS' POWER MAY NOT BE DISAVOWED AFTER CON-
    FIRMATION.

   Principal who for months confirmed agents' acts and led other
       parties to transaction to rely thereon may not later disavow
       agents' power and repudiate liability.

Error to St. Clair; George (Fred W.), J.   Sub-
mitted October 14, 1930.   (Docket No. 77, Calendar
No. 35,203.)   Decided January 7, 1931.

Assumpsit by James P. Aiken and another
against Earle A. Peoples and others for a sum due
on a land contract.   From judgment for defendant
Flora M. Stortz, plaintiff brings error.   Reversed,
and judgment ordered entered for plaintiff.

*Walsh, Walsh & O'Sullivan,* for plaintiffs.

*Stewart & Black,* for defendant Flora M. Stortz.

North, J. This suit is against Clara B. and Flora M. Stortz only, service not having been obtained on the other defendants. Plaintiffs as assignees of the vendors were the owners of the vendors' interest in a land contract on property in Detroit. The defendants in connection with one Walkley, who appears to have been engaged in the business of buying and selling land contracts, had been dealing to some extent in real estate and land contracts. On March 28, 1929, the defendant Clara B. Stortz and Walkley called upon plaintiffs and entered into an arrangement whereby they agreed they would give to plaintiffs on the following day a $1,400 note signed by these defendants in consideration of the land contract first above mentioned being assigned and delivered to Mr. Walkley. The note was not given and this suit was brought to recover the amount thereof with accrued interest. The circuit judge who heard the case without a jury rendered a judgment in behalf of plaintiffs and against the defendant Clara B. Stortz but denied recovery as against Flora M. Stortz. By proper exceptions to the court's finding of facts and law the plaintiffs are reviewing on writ of error the refusal of the court to enter judgment against the defendant Flora M. Stortz.

There is a dispute in the testimony as to whether before plaintiffs delivered the contract Flora M. Stortz agreed over the telephone to give the note. On this issue of fact the circuit judge found against the plaintiffs; but we think the case is controlled by another phase of the record.

The undisputed testimony shows that before assigning and delivering the contract both Walkley

and Clara B. Stortz promised plaintiffs a note for $1,400 signed by the two defendants would be given the following day. The relation of Walkley to these defendants, particularly Flora M. Stortz, at the time of this transaction is rather clearly indicated in the latter's testimony in part as follows:

"During the time I was doing business with Walkley he had the general handling of my affairs. He was authorized to take care of my contracts for me and buy new ones for me. I was merely supplying the money. We supplied the money. He was authorized to buy and sell these contracts on my account. He handled our matters and had authority to do so. That was true during 1928 and the early part of 1929. It was also true in March, 1929. He had authority to buy these contracts according to his best judgment during that time. He was handling our affairs. We turned our affairs over to him and he handled them and we gave him power and authority to handle them."

Plaintiffs assert the right to recover against Flora M. Stortz on the ground that even though she was not a party to the agreement at the time it was entered into she subsequently ratified and confirmed it. Flora's own testimony on this phase of the case in part reads:

"*Q.* Did you afterwards tell her (Mrs. Aiken) you would give her a note?
"*A.* Later on.
"*Q.* How long was that?
"*A.* It was within two weeks or longer. The note was never executed. * * * She (Mrs. Aiken) called me on the telephone and asked me if I would sign that $1,400 note. I don't remember when it was; it may have been within two weeks. I said I would. * * * She (Mrs. Aiken) said Clara and

Mr. Walkley told her we would give her a $1,400 note. * * * My sister told me about the $1,400 note first. * * * After Clara Stortz had told me about this promise that I was to give Mrs. Aiken a note for $1,400, Mrs. Aiken came in and referred to it and I said I understood that was the arrangement. I at that time made no protest about giving it. * * *

"*Q*. You understood it was arranged at that meeting (March 28, 1929) that you and your sister were to give it?

"*A*. Yes. * * *

"*Q*. As I understand it now and afterwards when you heard that the arrangement had been made, you were willing to give the note?

"*A*. Yes sir. * * *

"*Q*. When was it you decided you would not give the note?

"*A*. Several months afterward."

The circuit judge found that plaintiffs' claim of ratification by Flora M. Stortz was not established because at the time of the claimed confirmation "the time for performance, namely, the delivery of the note, had already passed." In his opinion the trial judge cited and seems to have relied upon 2 C. J. p. 516 and *Slocum* v. *Gilman*, 84 Hun, 405 (32 N. Y. Supp. 297).

We think the circuit judge was in error. To justify recovery against the defendant Flora M. Stortz, the only ratification necessary to be shown was that of her sister Clara's and Mr. Walkley's power to bind her, Flora, to pay the consideration for the assignment and delivery of the contract to Walkley. That this obligation was to be evidenced by a promissory note which was to be delivered to plaintiffs on the following day was merely an incident to the transaction. The timely delivery of the note would

not have constituted payment and satisfaction of the obligation. The note would have been but the written evidence of the debt. Plaintiffs are not asking specific performance of the execution and delivery of this note. They want satisfaction of the obligation incident to which the note was to have been given. Flora M. Stortz ratified and confirmed the authority of her sister and Walkley to bind her to pay the consideration for the transfer of the contract. The record does not show for what length of time the note was to have been given, and hence, even if it is of importance, it cannot be said that her ratification of their power to bind her to pay the consideration did not occur until after "the time for performance" had passed. Under Flora's own testimony, plaintiffs were led for months before her disavowal to rely upon her confirmation of the contract entered into by her sister and Walkley as her agents; and we think under her own testimony she should have been found liable to plaintiffs.

The judgment of the lower court in favor of the defendant Flora M. Stortz will be reversed, the case remanded to the circuit court with instructions to set aside the judgment in favor of this defendant and to enter one on the record against her and in favor of plaintiffs. Costs of both courts to be taxed in favor of appellants.

BUTZEL, C. J., and WIEST, CLARK, MCDONALD, POTTER, SHARPE, and FEAD, JJ., concurred.