*In re* ESTATE OF FORD.

APPEAL OF DROUILLARD.

CONTRACTS—PERSONAL UNDERTAKING—DISCHARGE OF CONTRACT BY DEATH OF PROMISOR.

　　Agreement by third party in writing to indorse notes to be given vendor by contract purchaser for interest to fall due in future was purely personal undertaking, and therefore death of promisor before indorsing any of such notes operated as discharge of contract, although it was executed simultaneously with execution of land contract.

Appeal from Wayne; Richter (Theodore J.), J. Submitted April 14, 1931. (Docket No. 82, Calendar No. 35,589.) Decided October 5, 1931.

Claim by George E. Drouillard against the estate of John Ford, deceased. From disallowance of the claim in probate court, plaintiff appealed to circuit

As to effect on contract of the death of a party thereto, see annotation in 23 L. R. A. 707, 709; 45 L. R. A. (N. S.) 349, 350.

court. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Thomas A. E. Weadock,* for plaintiff.

*Austin & Newman,* for defendant.

CLARK, J. George E. Drouillard, vendor, and Clinton C. DeWitt, purchaser, in a land contract, made, on June 3, 1927, a supplemental or collateral agreement by which the vendor promised to accept from the purchaser the first four installments of interest, which were to become due semi-annually from and after July 1, 1927, as follows:

"On December 31, 1927, one-half cash and one-half by note bearing six per cent. interest payable semi-annually for two years;

"On July 1, 1928, one-half cash and one-half by note bearing six per cent. interest payable semi-annually for one and one-half years;

"On December 31, 1928, one-half cash and one-half by note bearing six per cent. interest payable semi-annually for one year;

"On July 1, 1929, one-half cash and one-half by note bearing interest at six per cent. for six months."

On this agreement was written the following by John Ford:

"In consideration of George E. Drouillard agreeing to accept notes for one-half of the interest as above provided I agree to indorse said notes and become responsible to George E. Drouillard for their payment.

"JOHN FORD."

John Ford died September 27, 1927. It will be seen that he died before any of such interest became

due and before any of the notes was to be made and indorsed, and it follows that he indorsed none of them.

A claim upon this writing is presented against the estate of Mr. Ford. The trial judge, without a jury, found for the estate, and judgment was entered accordingly. Claimant appeals.

The trial judge considered and accepted but one of the reasons advanced by the estate for decision in its favor—that there was no competent evidence from which damage might be determined, and this view made consideration of other reasons unnecessary. Perhaps he is right, but we prefer to rest decision on other ground.

Mr. Ford's undertaking to indorse the notes and thereby become responsible for their payment was purely personal and died with him. It is said in 5 Page on Contracts (2d Ed.), p. 4722:

"If a contract is to be performed in part by delivering notes in the future to be executed by one party, the personal credit of such party who is to execute such notes is a material element of the contract, and accordingly his death without executing such notes operates as a discharge of such contract."

See, also, *Browne* v. *Fairhall*, 213 Mass. 290 (100 N. E. 556, 45 L. R. A. [N. S.] 349); note 23 L. R. A. 707; 3 Elliott on Contracts, § 1906; 3 Williston on Contracts, § 1940; 13 C. J. p. 644; 6 R. C. L. § 372, pp. 1009–1011. Affirmed.

Wiest, McDonald, Potter, Sharpe, and Fead, JJ., concurred with Clark, J.

North, J. (*concurring in affirmance*). I seriously question the application of the principle upon

which Justice CLARK bases decision to the written
agreement upon which this claim is founded. If,
as I think, this is not a contract of a personal nature
which only the promisor could perform, but rather
one which involves only liability to pay money, it
is binding upon the estate of Mr. Ford. The dis-
tinction in this respect between contracts involving
only the payment of money and those of a personal
nature is pointed out in the note to *Drummond* v.
*Crane,* 159 Mass. 577 (35 N. E. 90, 38 Am. St. Rep.
460), in 23 L. R. A. 707. See, also, note under
*Browne* v. *Fairhall,* 213 Mass. 290 (100 N. E. 556),
in 45 L. R. A. (N. S.) 349.

"The test for determining whether a particular
contract is discharged by death seems to be whether
it is of such a character that it may be performed
by the promisor's personal representative. It must
be admitted that the line of demarcation between
the two kinds of contracts under consideration is
not very clearly marked in some instances. No doubt
the facts and circumstances of each particular case
will be taken into account in determining whether
the contract was purely personal in its nature, and
therefore determined by the death of the party, or
one which the personal representative could com-
plete as well as the deceased could have done." 6
R. C. L. p. 1010.

The agreement on which this claim against Mr.
Ford's estate is made was entered into simultane-
ously with the land contract between Drouillard and
DeWitt. It therefore is part and parcel of a con-
summated contract and not one to be executed in
the future. Deferring the payments which other-
wise would have become due under the land con-
tract constituted a valid consideration for Mr.
Ford's agreement. The agreement, being in writ-

ing, complied with the statute of frauds (3 Comp. Laws 1929, § 13417). The mere formality of indorsing DeWitt's notes when the respective payments fell due amounted to no more than additional written evidence of Mr. Ford's liability. It would not have been a new contract. Execution by him of such notes neither would have increased nor decreased the liability he had already assumed in writing. *Aiken* v. *Peoples,* 253 Mich. 161. The obligation incurred is one that can be fully performed by the representatives of his estate. Therefore, had it been established by competent evidence, it should have been allowed as a valid claim against the estate.

However, I concur in affirmance for the reason set forth in the following portion of the trial judge's opinion:

"A contract for the sale of land must be in writing. Under plaintiff's claim that he is trying to collect interest due under these land contracts from defendant, he is thereby seeking to enforce the land contracts. These land contracts which plaintiff is seeking to enforce are in writing. Plaintiff has in no way claimed that he cannot produce them, nor is their nonproduction accounted for.  *  *  *

"There is a statute in this State, 1 Comp. Laws 1915, § 4275 (1 Comp. Laws 1929, § 3647), forbidding the enforcement of any land contract unless the mortgage tax required by law is paid thereon. Plaintiff has apparently not paid such taxes. This no doubt in part accounts for the failure to offer them in evidence.

"If plaintiff is permitted to prove the contents of such land contracts by parol evidence, he is thereby allowed to enforce such contracts, not only in violation of the best evidence rule, but contrary to the intent and purpose of this statute.  *  *  *

"The mere fact that some oral calculations may be necessary to ascertain the amounts claimed to be due does not remove the necessity of producing the best evidence of the alleged contract or liability."

Claimant did not introduce the land contract in evidence or establish by other competent testimony the amount of his claim. Disallowance of the claim necessarily resulted, and is affirmed.

BUTZEL, C. J., concurred with NORTH, J.